U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

2022 SEP -6 PM 12: 14

CLERK

BY _____ lAw _____
DEPUTY CLERK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) ) | 2:22-cv-168 |
| 98 STARR ROAD OPERATING CO., LLC d/b/a ELDERWOOD AT BURLINGTON, ) ) ) ) | COMPLAINT |
| Defendant. ) ) | Jury Trial Demanded |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Charging Parties Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees who were adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendant 98 Starr Road Operating Co., LLC d/b/a Elderwood at Burlington ("Defendant" or "Elderwood"), which operates a senior care facility in Burlington, Vermont, violated Title VII by subjecting Ivy, Murphy, Ferguson, Bradstreet, Robinson, Ndour, and other similarly aggrieved Black employees to racial harassment, and by creating and maintaining a hostile work environment because of their race (Black).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Vermont.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, a Vermont corporation that operates a senior care facility, was doing business in the State of Vermont, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour each filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7. On March 23, 2022, the Commission issued Letters of Determination for each of the six charges referenced in paragraph 6 above, notifying Defendant that the Commission found reasonable cause to believe that Defendant violated Title VII and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the unlawful employment practices described in each of the six Letters of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission for any of these six charges.

10. On June 7, 2022, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission for any of the six charges.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least March 2020, Defendant Elderwood violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Black employees to severe or pervasive harassment based on race (Black), and by maintaining and failing to address a hostile work environment because of their race (Black).

   a. Elderwood subjected Felicia Ivy, a Licensed Practical Nurse ("LPN"), Dian Murphy (an LPN), Nicole Ferguson (an LPN), Faith Robinson, a Registered Nurse ("RN"), Londia Bradstreet, a Licensed Nurse Assistant ("LNA"), Papa Ndour (an LNA), and other Black employees (collectively "Aggrieved Individuals") to a hostile work environment based on race.

   b. White patients/residents of Elderwood including, but not limited to, a White male patient/resident housed in Elderwood's Chittenden Unit (hereafter "White Male Resident") and White female residents housed in Elderwood's Mansfield Unit (hereafter "White Female Residents") repeatedly subjected the Aggrieved

Individuals to racist slurs including, but not limited to, calling them "niggers," "coons," "monkeys," "Black bitches" and other racially offensive epithets. Further, the White Male Resident told many of the Aggrieved Individuals to "go back to Africa."

c. The White Male Resident subjected the Aggrieved Individuals to race-based threats and race-based assaults including, but not limited to stating that he wished that he could hang Black employees and that he wanted to get a gun to shoot Black employees.

d. The White Male Resident also subjected the Aggrieved Individuals to violent physical contact including, but not limited to punching LNA Ndour with fists while yelling racial epithets, intentionally hitting LPN Ferguson with a walker, smacking LPN Murphy, and putting his finger on the face of RN Robinson while threatening her.

e. The race-based comments and conduct were constant and ongoing and were unwelcome and offensive to the Aggrieved Individuals.

f. The race-based comments and conduct were not just limited to shifts when the Aggrieved Individuals were assigned to specifically care for the offending residents. For example, the White Male Resident would sit in a chair in the main hallway of Elderwood's Chittenden Unit or follow the Aggrieved Individuals throughout the Unit so as to engage in the above-described barrage of racist statements, regardless of who was assigned to care for him.

g. Elderwood was on notice of the race-based comments and conduct to which the Aggrieved Individuals were subjected. Specifically:

i. Elderwood's managers and supervisors personally observed the Aggrieved Individuals being subjected to unwelcome race-based comments and conduct, including but not limited to Elderwood's Director of Nursing, various Nurse Supervisors, and various Unit Managers;

ii. The Aggrieved Individuals complained about the race-based comments and conduct to multiple Elderwood managers and supervisors, including but not limited to Elderwood's Administrator, the Director of Nursing, the head of Human Resources, the Regional Nurse Consultant, and to Unit Managers.

iii. Elderwood managers and supervisors—including but not limited to the Director of Nursing Cassie Lambert, Regional Nurse Consultant Melissa Yakey, and Nurse Supervisor Valerie Coates—attended a meeting in August 2020 in which Aggrieved Individuals complained about the race harassment by patient/residents.

iv. LPN Felicia Ivy reported multiple complaints about race-based comments and conduct through Elderwood's employee hotline;

v. Multiple Aggrieved Individuals noted race-based comments and conduct by Elderwood's residents contemporaneously in resident care notes (known as "Progress Notes"), which were routinely reviewed by Elderwood management; and

vi. Through the publication of an October 2020 article in a Vermont-based publication called "Seven Days" that detailed the racial abuse of Black

5

employees at Elderwood, https://www.sevendaysvt.com/vermont/black-staff-say-burlington-nursing-home-failed-to-protect-them-from-abuse/Content?oid=31476734.

h. Elderwood failed to prevent and then failed to take prompt and effective remedial action to stop or remedy the unwelcome and unlawful behavior.

i. Instead of taking such steps:

   i. Elderwood took no corrective action;

   ii. Elderwood managers and supervisors told the Aggrieved Individuals on several occasions that it was "the resident's right," or similar words to the same effect, to "say what they want"—including the use of racial slurs – at Elderwood;

   iii. Director of Nursing Lambert told RN Robinson that she should "be used to" being the target of racial slurs because Robinson "is from the South;"

   iv. Elderwood denied that any race harassment occurred when LPN Murphy complained to her staffing company and the staffing company transmitted Murphy's complaint to Elderwood;

   v. Prior to the publication in October 2020 in Seven Days of the article detailing the race harassment, the sole effort of Elderwood to address the above-described race harassment of the Aggrieved Individuals involved two attempts to move the Male Resident to two Vermont-based long-term care facilities, but no transfer occurred;

   vi. After the publication in October 2020 of the Seven Days article, Elderwood's sole responses to the race-based harassment involved: (a)

    meetings with the Vermont Commissioner of the Department of Disabilities and Aging to discuss the fallout from the Seven Days article, which meetings did not result in any effective remedial action; and (b) increased attempts to transfer the Male Resident to a different long-term care facility, but no such transfer occurred.

  j. Because Elderwood took no prompt or effective remedial action, the race-based comments and conduct continued unabated from March 2020 through the remainder of the Aggrieved Individuals' respective periods of employment at Elderwood.

13.  The unlawful employment practices described in paragraph 12 above were intentional.

14.  The unlawful employment practices described in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees who were adversely affected by such practices.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, attorneys, and all persons in active concert or participation with it, from maintaining a racially hostile work environment.

B.  Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for Black employees and that eradicate the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make whole Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, in amounts to be determined at trial.

    D.    Order Defendant to make whole Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

    E.    Order Defendant to pay Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 2, 2022

    New York, New York

                              Respectfully submitted,

                              GWENDOLYN YOUNG REAMS
                              Acting General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

KIMBERLY A. CRUZ
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5345
kimberly.cruz@eeoc.gov

/s/ Kimberly A. Cruz
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION