IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>98 STARR FARM ROAD OPERATING CO., LLC d/b/a ELDERWOOD AT BURLINGTON and ELDERWOOD ADMINISTRATIVE SERVICES, LLC,<br><br>Defendants. | Civ. Action No. 2:22-cv-00168-cr<br><br>AMENDED COMPLAINT<br><br>Jury Trial Demanded |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Charging Parties Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees who were adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant 98 Starr Farm Road Operating Co., LLC d/b/a Elderwood at Burlington ("Defendant Elderwood") and Defendant Elderwood Administrative Services, LLC ("Defendant EAS") (collectively, "Defendants"), which operate a senior care facility in Burlington, Vermont, violated Title VII by subjecting Ivy, Murphy, Ferguson, Bradstreet, Robinson, Ndour, and other similarly aggrieved Black employees to racial harassment, and by creating and maintaining a hostile work environment because of their race (Black).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Vermont.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Elderwood and Defendant EAS, a Vermont limited liability company and a New York limited liability company, respectively, that operate a Burlington, Vermont senior care facility ("Elderwood facility"), were doing business in the State of Vermont and have collectively and continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. Pursuant to the Parties' April 5, 2024 Integrated Enterprise Stipulation, for purposes of this Title VII lawsuit only, Defendants shall be considered to be an integrated enterprise or single employer.

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour each filed a charge of discrimination with the Commission alleging violations of Title VII by Defendants.

8. On March 23, 2022, the Commission issued Letters of Determination for each of the six charges referenced in paragraph 6 above, notifying Defendants that the Commission found reasonable cause to believe that Defendants violated Title VII and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with Defendants to provide Defendants the opportunity to remedy the unlawful employment practices described in each of the six Letters of Determination.

10. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission for any of these six charges.

11. On June 7, 2022, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission for any of the six charges.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least March 2020, Defendants violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000(e)-2(a)(1), by subjecting Black employees to severe or pervasive harassment based on race (Black), and by maintaining and failing to address a hostile work environment because of their race (Black).

a. Defendants subjected Felicia Ivy, a Licensed Practical Nurse ("LPN"), Dian Murphy (an LPN), Nicole Ferguson (an LPN), Faith Robinson, a Registered Nurse ("RN"), Londia Bradstreet, a Licensed Nurse Assistant ("LNA"), Papa Ndour (an LNA), and other Black employees (collectively "Aggrieved Individuals") to a hostile work environment based on race.

b. White patients/residents of Defendant Elderwood including, but not limited to, a White male patient/resident housed in Defendant Elderwood's Chittenden Unit (hereafter "White Male Resident") and White female residents housed in Defendant Elderwood's Mansfield Unit (hereafter "White Female Residents") repeatedly subjected the Aggrieved Individuals to racist slurs including, but not limited to, calling them "niggers," "coons," "monkeys," "Black bitches" and other racially offensive epithets. Further, the White Male Resident told many of the Aggrieved Individuals to "go back to Africa."

c. The White Male Resident subjected the Aggrieved Individuals to race-based threats and race-based assaults including, but not limited to stating that he wished that he could hang Black employees and that he wanted to get a gun to shoot Black employees.

d. The White Male Resident also subjected the Aggrieved Individuals to violent physical contact including, but not limited to punching LNA Ndour with fists while yelling racial epithets, intentionally hitting LPN Ferguson with a walker, smacking LPN Murphy, and putting his finger on the face of RN Robinson while threatening her.

e. The race-based comments and conduct were constant and ongoing and were unwelcome and offensive to the Aggrieved Individuals.

f. The race-based comments and conduct were not just limited to shifts when the Aggrieved Individuals were assigned to specifically care for the offending residents. For example, the White Male Resident would sit in a chair in the main hallway of Defendant Elderwood's Chittenden Unit or follow the Aggrieved Individuals throughout the Unit so as to engage in the above-described barrage of racist statements, regardless of who was assigned to care for him.

g. Defendants were on notice of the race-based comments and conduct to which the Aggrieved Individuals were subjected. Specifically:

  i. Defendant's managers and supervisors personally observed the Aggrieved Individuals being subjected to unwelcome race-based comments and conduct, including but not limited to Elderwood's Director of Nursing, various Nurse Supervisors, and various Unit Managers;

  ii. The Aggrieved Individuals complained about the race-based comments and conduct to multiple of Defendants' managers and supervisors, including but not limited to Defendants' Administrator, the Director of Nursing, the head of Human Resources, the Regional Nurse Consultant, and to Unit Managers.

  iii. Defendants' managers and supervisors—including but not limited to the Director of Nursing Cassie Lambert, Regional Nurse Consultant

    Melissa Yakey, and Nurse Supervisor Valerie Coates—attended a meeting in August 2020 in which Aggrieved Individuals complained about the race harassment by patient/residents.

  iv. LPN Felicia Ivy reported multiple complaints about race-based comments and conduct through Defendants' employee hotline;

  v. Multiple Aggrieved Individuals noted race-based comments and conduct by Defendant Elderwood's residents contemporaneously in resident care notes (known as "Progress Notes"), which were routinely reviewed by Defendants' management; and

  vi. Through the publication of an October 2020 article in a Vermont-based publication called "Seven Days" that detailed the racial abuse of Black employees at the Elderwood facility, https://www.sevendaysvt.com/vermont/black-staff-say-burlington-nursing-home-failed-to-protect-them-from-abuse/Content?oid=31476734.

h. Defendants failed to prevent and then failed to take prompt and effective remedial action to stop or remedy the unwelcome and unlawful behavior.

i. Instead of taking such steps:

  i. Defendants took no corrective action;

  ii. Defendants' managers and supervisors told the Aggrieved Individuals on several occasions that it was "the resident's right," or similar words to the same effect, to "say what they want"—including the use of racial slurs – at the Elderwood facility;

    iii. Director of Nursing Lambert told RN Robinson that she should "be used to" being the target of racial slurs because Robinson "is from the South;"

    iv. Defendants denied that any race harassment occurred when LPN Murphy complained to her staffing company and the staffing company transmitted Murphy's complaint to Defendants;

    v. Prior to the publication in October 2020 in Seven Days of the article detailing the race harassment, Defendants' sole effort to address the above-described race harassment of the Aggrieved Individuals involved two attempts to move the Male Resident to two Vermont-based long-term care facilities, but no transfer occurred;

    vi. After the publication in October 2020 of the Seven Days article, Defendants' sole responses to the race-based harassment involved: (a) meetings with the Vermont Commissioner of the Department of Disabilities and Aging to discuss the fallout from the Seven Days article, which meetings did not result in any effective remedial action; and (b) increased attempts to transfer the Male Resident to a different long-term care facility, but no such transfer occurred.

  j. Because Defendants took no prompt or effective remedial action, the race-based comments and conduct continued unabated from March 2020 through the remainder of the Aggrieved Individuals' respective periods of employment at the Elderwood facility.

14. The unlawful employment practices described in paragraph 12 above were intentional.

15. The unlawful employment practices described in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees who were adversely affected by such practices.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, successors, assigns, attorneys, and all persons in active concert or participation with them, from maintaining a racially hostile work environment.

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for Black employees and that eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, in amounts to be determined at trial.

D. Order Defendants to make whole Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices complained of in paragraph 12 above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

E. Order Defendants to pay Felicia Ivy, Dian Murphy, Nicole Ferguson, Londia Bradstreet, Faith Robinson and Papa Ndour and other similarly aggrieved Black employees

punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in amounts to be determined at trial.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

  G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Amended Complaint.

Dated: April 5, 2024       Respectfully submitted,

            /s/ Katie N. Linehan
            KATIE N. LINEHAN
            ALISON BITTERLY
            Trial Attorney
            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            Boston Area Office
            John F. Kennedy Federal Building
            15 New Sudbury Street, Room 475
            Boston, MA 02203
            (617) 865-3671
            (617) 865-3693
            katie.linehan@eeoc.gov
            alison.bitterly@eeoc.gov

            KIMBERLY A. CRUZ
            Assistant Regional Attorney
            U.S. EQUAL EMPLOYMENT
            OPPORTUNITY COMMISSION
            33 Whitehall Street, 5th Floor
            New York, NY 10004
            (929) 506-5345
            kimberly.cruz@eeoc.gov